UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| YVONNE L. HAFER, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. C-11-128 |
| | § | |
| VANDERBILT MORTGAGE AND FINANCE, INC., *et al*, | § | |
| | § | |
| Defendants. | § | |

## **ORDER**

Pending before the Court is Defendants' Motion to Stay Litigation Pending This Court's Ruling on Motions to Compel Arbitration and the Selection of Arbitrators. (D.E. 13.) Defendants seek a stay of this litigation, including trial and other deadlines, pending the Court's ruling on Defendants' Motions to Compel Arbitration and selection of arbitrators. (D.E. 13 at 1, 6.) Plaintiffs have responded, objecting that no stay is warranted. (D.E. 30.)

The Federal Arbitration Act ("FAA") provides that "[i]f any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, **upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement**, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration." 9 U.S.C. § 3 (emphasis added); see also Gooden v. Ryan's Family Steak House, Inc., 2002 U.S. Dist. LEXIS 8647, *8 (E.D. La. May 7, 2002) ("When the parties agree in writing to arbitrate their disputes, Section 3 of the FAA requires courts to stay proceedings that are referable to arbitration [.]")

The FAA does not, however, mandate a stay pending a court's resolution of a party's motion to compel arbitration. See § 3. Whether to grant a stay at this juncture is soundly within the discretion of the district court. In re Beebe, 56 F.3d 1384, 1384 (5th Cir. 1995) (citing McKnight v. Blanchard, 667 F.2d 477, 479 (5th Cir.1982)). As the Court explained at the initial pre-trial conference held on June 7, 2011, the Court will promptly rule on Defendants' Motion to Compel Arbitration. Defendants are urged to promptly file their reply brief in order to facilitate resolution of the issue.

For these reasons, the motion to stay is DENIED.

SIGNED and ORDERED this 13th day of June, 2011.

_____
Janis Graham Jack
United States District Judge